SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RUTH WASHINGTON                 *

    Plaintiff,              *

v.                              *       Civil Action No.: 05-007792B
                                        Judge Friedman
HOME DEPOT, INC.,               *
aka HOME DEPOT USA, INC.
                                *
    Defendant.
                                *

*   *   *   *   *       *   *   *   *   *

### REQUESTS FOR PRODUCTION OF DOCUMENTS OF PLAINTIFF TO DEFENDANT, HOME DEPOT, INC., AKA HOME DEPOT USA, INC.

The Plaintiff, Ruth Washington, by her attorney, Kenneth M. Trombly, requests that the defendant produce legible copies of the following documents and other tangible items at the offices of Schultz & Trombly, PLLC, 1050 17th Street, N.W., Suite 1250, Washington, D.C. 20036, within thirty (30) days from the date of this request:

(a)     "Document" means any written, recorded, or graphic matter however produced or reproduced including, without limitation, letters, telegraphs, memoranda, agreements, records, notes, correspondence, diaries, photocopies, checks, checkbook registers, savings account passbooks, account books, charts, and all other papers and writings, including drafts, originals and copies, in your possession or control, or of which you have knowledge, wherever located. It includes all matter that relates or refers in whole or part to the subjects referred to in a request. If a document has been prepared in separate copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification of a copy by the addition of notations, are no longer identical), each non-identical copy is a separate document.

(b)     "You" means the person to whom this request is being directed, his/her

**EXHIBIT B**

agents, employees, assigns, attorney, and all other persons acting on his/her behalf or on behalf of such agents, employees, assigns, and attorney.

(c)     The documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the paragraphs in this production request.

(d)     If any documents requested herein have been lost, discarded or destroyed, each such document should be identified as completely as possible, by stating the following information: (1) the nature of the document, (2) the date of disposal, (3) the manner of disposal, (4) the person authorizing the disposal, and (5) the person disposing of the document.

(e)     With respect to any documents which you decline to produce because of a claim of privilege, you are requested to provide the following information as to each such document: (1) the date, author, and type of document, (2) the name of all persons to whom the document was sent, (3) a summary of the contents of the document, and (4) a detailed description of the grounds for the claim of privilege or reason for non-production.

(f)     All document requests phrased in either the disjunctive ("or") conjunctive ("and") or both should be answered in the manner that makes your answer inclusive rather than exclusive.

(g)     All words used in the singular should be understood to also mean their plural and all words used in the plural should be understood to also mean their singular so as to make your answer inclusive.

(h)     The term "the occurrence," refers to the events which are the subject of plaintiff's complaint.

(i)     The term "the premises," refers to the Home Depot store, owned by defendant, located at 901 Rhode Island Ave. NE, Washington, D.C. 20018.

(j)     The term "the shower head," refers to the shower head that fell from the

display to which it was attached and struck the plaintiff on or about September 21, 2003.

## DOCUMENT REQUESTS

1. All written policy and procedures, directives, bulletins, company manuals, rules and regulations, directives, notices or other documents in effect at the time of the occurrence, utilized by defendant regarding avoidance of fixtures and other objects falling and striking customers.

2. Every report, form or other document prepared as a result of the September 21, 2003 occurrence (including but not limited to incident or accident reports, call-in reports, accident call records, memoranda and entries on any accident register or master ledger of accidents).

3. A list or roster of all employees on duty at the premises on September 21, 2003 whose duties included work in the department or section of the premises where the display was located, and/or with whom the Plaintiff interacted.

4. Any documents or writings which you contend support any contention that the occurrence was in any way the fault of the plaintiff, Ruth Washington, or of any other person or entity other than the defendant or its agents or employees.

5. All reports, CVs, letters, and other documents received from all individuals who will be serving as expert witnesses on your behalf in this case; and all records, correspondence, documents and other materials that you or anyone on your behalf has supplied to any of your experts.

6. All statements or admissions of plaintiff, Ruth Washington, that have been written, signed or otherwise recorded.

7. All documents that you relied on in answering plaintiff's Interrogatories propounded to you.

8. All photographs, illustrations, videotapes, or other materials or things that depict any images or pictorial information that relate to any issues in this case.

9. All videotapes, films, surveillance tape or other recording or depictions of plaintiff, Ruth Washington, in your possession or to which you have access.

10. All written statements, audiotapes, videotapes, transcripts and other documents or things that include or reflect statements of any persons who are eyewitnesses or otherwise fact witnesses in this case.

11. All documents that reflect pre-incident and post-incident inspections of the displays, fixtures, inventory, and/or general safety at the premises any time from June 2002 through January 2005.

12. All documents that you intend to rely on at the trial of this case

13. All documents that reflect any admonishment or discipline of any of the employees of the defendant as a result of the incident.

14. Supply an Interaktiv 3-Jet Handshower 06683XX0 and an Interaktiv Wallbar Set 06888000, as an exemplar.

15. Supply a copy of all manuals, instructions, warnings and other documents that accompany or are otherwise furnished by the products referred to in request #14.

18. If it is your contention that the item that was the subject of the occurrence alleged in the complaint was something other than the item described in request number 14, supply an exemplar of that other item.

20. All documents that contain or reflect information regarding other

individuals who allege that they were struck or injured by (a) the showerhead and/or (b) a showerhead; at the premises at any time within the past ten years.

Respectfully submitted,

Kenneth M. Trombly, #199547
1050 17th Street, N.W.
Suite 1250
Washington, DC 20036
202-887-5000
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing plaintiff's interrogatories, request for the production of documents to defendant, Home Depot, Inc., a.k.a. Home Depot USA, Inc., were mailed first class, postage prepaid this 30 day of November, 2005 to:

Matthew T. Angotti,
Anderson, Coe & King, LLP
201 N. Charles Street, Suite 2000
Baltimore, MD 21201
410-752-1630
Attorney for Defendant

*[signature]*
Kenneth M. Trombly